**Ex parte Ricky Eugene KERR.**

No. 35065–02.

Court of Criminal Appeals of Texas.

Feb. 23, 1998.

OVERSTREET, Judge, dissenting.

Applicant asks that we stay his execution, currently scheduled for February 25, 1998, and applies for writ of habeas corpus under the Texas Constitution, and alternatively, asks that we appoint competent counsel to apply for writ of habeas corpus under Article 11.071, V.A.C.C.P. A majority of this Court, "[u]pon due consideration," finds that applicant's motions should be dismissed. I dissent to such dismissal. Because applicant has not been afforded his legal right to apply for habeas corpus relief, I would grant a stay of execution and appoint counsel to enforce said right.

Applicant's initial writ attorney filed a perfunctory application which raised a single claim challenging the constitutionality of the unitary system which mandates that direct appeal and Article 11.071 habeas application be done during the same time frame. This Court denied that challenge. Applicant now seeks an opportunity to actually challenge his trial, i.e. his conviction and sentence.

The Legislature has said that one convicted of capital murder and sentenced to death is entitled to an attorney to challenge his conviction via Article 11.071 habeas corpus application. The people of Texas through our Constitution even provide that "[t]he writ of habeas corpus is a writ of right, and *shall never be suspended.*" Tex. Const., art. I, § 12. [Emphasis added.] It would appear that this Court, with an assist from applicant's initial habeas attorney, is preventing, i.e. *suspending*, applicant's right to apply for writ of habeas corpus.

We all know that the United States and Texas Constitutions require reasonably effective assistance of counsel. Obviously, the initial habeas attorney's perfunctory writ application, which simply challenged the constitutionality of Article 11.071, without challenging anything that occurred at trial, did not provide effective assistance of counsel. The initial habeas attorney has even signed an affidavit admitting that he filed such a perfunctory habeas application because he erroneously thought he was precluded from challenging the conviction/sentence trial proceedings while the direct appeal was pending; i.e. because the direct appeal had not been decided before the deadline for filing the writ application, he thought "that no issues could be raised attacking the validity of conviction or sentence." Thus applicant has been *very* effectively denied his right to challenge his conviction and/or sentence via Texas state habeas application because of his attorney's error.

Must applicant suffer the ultimate punishment, death, because of his attorney's mistake? According to a majority of this Court, yes, he must.

For this Court to approve of such and refuse to stay this scheduled execution is a farce and travesty of applicant's legal right to apply for habeas relief. It appears that this Court, in approving such a charade, is punishing applicant, rewarding the State, and perhaps even encouraging other attorneys to file perfunctory "non-applications." Such a "non-application" certainly makes it easier on everyone—no need for the attorney, the State, or this Court to consider any potential challenges to anything that happened at trial. Nevertheless, the Legislature has provided convicted capital defendants with the right to make such challenges by habeas corpus application.

I do not know what the majority thinks is going to happen to applicant, but he does have an imminent execution date set. If applicant is executed as scheduled, this Court is going to have blood on its hands for allowing it to go forward without applicant being permitted to raise claims by Texas state habeas corpus application. By this dissent, I wash my hands of such repugnance.